IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRAIG E. OHLENDORF,

    Plaintiff,

vs.

AMERICAN BROKERS CONDUIT,
a wholly owned subsidiary of AMERICAN
HOME MORTGAGE CORP.; POWER
DEFAULT SERVICES, INC., f/k/a AHMSI
DEFAULT SERVICES, INC.; AMERICAN
HOME MORTGAGE SERVICING, INC.;
LSI TITLE COMPANY; T.D. SERVICE
COMPANY; OLD REPUBLIC TITLE
COMPANY; DEUTSCHE BANK NATIONAL
TRUST COMPANY; OPTION ONE
MORTGAGE CORPORATION; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS); HARBORVIEW
MORTGAGE LOAN TRUST; MORTGAGE
LOAN PASS-THROUGH CERTIFICATES,
SERIES 2007-5; and DOES 1-10,

    Defendants.
_____/

No. CIV S-11-293 LKK EFB PS

ORDER

    This case, in which plaintiff is proceeding *pro se*, is now before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). *See* Dckt. No. 59. On March 5 and April 17, 2012, the assigned district judge granted various defendants' motions to dismiss and dismissed all of plaintiff's claims against those defendants (namely,

1

1  American Home Mortgage Servicing, Inc.; Power Default Services, Inc.; Deutsche Bank

2  National Trust Company[1]; LSI Title Company; T.D. Service Company; Sand Canyon

3  Corporation, formerly known as Option One Mortgage Corporation; and Mortgage Electronic

4  Registration Systems, Inc.). Dckt. Nos. 49, 59. As to those defendants, the court dismissed

5  plaintiff's TILA and HOEPA rescission claims with prejudice, and dismissed all of plaintiff's

6  other claims against those defendants without prejudice. *Id.* Because the orders dismissing

7  plaintiff's claims against those defendants did not provide a deadline for plaintiff to amend his

8  complaint, such a deadline will be provided herein.[2]

9        The only remaining defendants are Old Republic Title Company and American Brokers

10  Conduit, a wholly owned subsidiary of American Home Mortgage Corporation. On July 12,

11  2011, defendant Old Republic Title Company filed a declaration of non-monetary status,

12  indicating that it "was named as a nominal defendant in its capacity as trustee under one or more

13  deeds of trust . . . and was not named as a defendant due to any acts or omissions on its part in

14  the performance of its duties as trustee," and agreeing to be bound by any order or judgment of

15  the court regarding the subject deeds of trust. Dckt. No. 44 at 2. Under California law, when a

---

[1] Although the March 5 order did not specifically address defendant Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-5, it appears that defendant Deutsche Bank National Trust Company, as trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-5, was erroneously sued as Deutsche Bank National Trust Company *and* Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-5. Dckt. No. 12 at 2. Therefore, by granting Deutsche Bank National Trust Company's motion to dismiss, the claims alleged against both Deutsche Bank National Trust Company *and* Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-5 were dismissed. Dckt. No. 49 at 8, 30.

[2] Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1    trustee has been named in an action solely in its capacity as trustee, it may file such a declaration
2    pursuant to California Civil Code section 2924*l*.  If no party opposes the declaration within
3    fifteen days, the trustee is not required to participate in the action, and is not liable for damages
4    or costs awarded in the action.  *See* Cal. Civ. Code 2924*l*; *Couture v. Wells Fargo Bank, N.A.*,
5    2011 WL 3489955, at *3 n.2 (S.D. Cal. Aug. 9, 2011).  However, if a party timely objects to the
6    declaration of non-monetary status, "the trustee shall thereafter be required to participate in the
7    action or proceeding."  Cal. Civ. Code 2924*l*(e).  Here, plaintiff timely filed objections to the
8    declaration of non-monetary status on July 27, 2011.  Dckt. No. 45.  Accordingly, Old Republic
9    Title Company was required to participate in this action.  Although Old Republic Title did not do
10   so, and did not file either an answer or a motion to dismiss plaintiff's complaint, plaintiff did not
11   seek the entry of default of Old Republic Title Company or otherwise attempt to prosecute this
12   action against it, even though more than nine months have passed since the declaration of non-
13   monetary status was filed.  Therefore, plaintiff's claims against Old Republic Title Company will
14   be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil
15   Procedure 41(b).[3]

16        With regard to defendant American Brokers Conduit, it does not appear from the court
17   file that plaintiff timely effected service of process on American Brokers Conduit since plaintiff
18   did not file an executed summons as to American Brokers Conduit nor has plaintiff otherwise
19   indicated that American Brokers Conduit has been served.  *See* Fed. R. Civ. P. 4(*l*)(1) (requiring
20   proof of service to be made to the court).  Plaintiff failed to do so, even after the court noted in
21   the March 5 order that no proof of service had been filed as to American Brokers Conduit and
22   that American Brokers Conduit had not appeared in the action.  *See* Dckt. No. 49 at 2, n.1.
23   ////
24   ////

---

[3] Plaintiff can re-assert its claims against Old Republic Title Company in his amended complaint.

3

1  Accordingly, defendant American Brokers Conduit will be dismissed without prejudice for
2  failure to effect service of process within the time prescribed by Rule 4(m) and for failure to
3  provide proof of service to the court pursuant to Rule 4(*l*).[4]  Fed. R. Civ. P. 4(m).

4  Accordingly, IT IS HEREBY ORDERED that:

5  1. Defendant Old Republic Title Company is dismissed without prejudice for failure to
6  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7  2. Defendant American Brokers Conduit is dismissed without prejudice for failure to
8  effect service of process within the time prescribed by Rule 4(m).

9  3. On or before June 11, 2012, plaintiff may file an amended complaint, as provided
10 herein and as provided in the March 5 and April 17 orders.

11 4. Defendants shall file a response to any amended complaint within fourteen days
12 from the date the amended complaint is filed.

13 5. Failure of plaintiff to comply with this order may result in a recommendation that this
14 action be dismissed for failure to follow court orders and/or for lack of prosecution under Rule
15 41(b).

16 SO ORDERED.

17 DATED: May 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff can also re-assert his claims against American Brokers Conduit in his amended complaint.

4